IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Lorgio Danilo Morales, | ) | C/A No. 6:26-cv-00676-RMG-KFM |
| | ) | |
| Petitioner, | ) | **REPORT OF MAGISTRATE JUDGE** |
| | ) | |
| vs. | ) | |
| | ) | |
| Warden Curtis Early, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

The petitioner, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons set forth below, it is recommended that the petitioner's § 2254 petition be summarily dismissed.

## ALLEGATIONS

**Petitioner's Conviction and Sentence**

The petitioner was found guilty by a jury of possession with intent to distribute ("PWID") a substance in Schedule I, II, III, or flunitrazepam, third or subsequent; trafficking marijuana 100 pounds or more, but less than 2000 pounds; and two counts of altering or bypassing a utility meter in the Greenville County General Sessions Court.[1] *See* Greenville County Public Index, https://www2.greenvillecounty.org/scjd/publicindex/ (enter the petitioner's name and I374313, I374314, N201759, N201760) (last visited May 27, 2026).

---

[1] The court takes judicial notice of the records in the petitioner's criminal case in the Greenville County General Sessions Court, as well as the petitioner's post-conviction relief actions in the Greenville County Court of Common Pleas. *See Phillips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

The petitioner was sentenced to 25 years imprisonment for trafficking marijuana, 20 years for PWID, 10 years for one count of altering a utility meter, and time served on his other count of altering a utility meter. *Id*. The petitioner did not file a direct appeal.

**Petitioner's First Collateral Attack in State Court**

The petitioner filed his first postconviction relief ("PCR") action in the Greenville County Court of Common Pleas on May 24, 2018. *See* Greenville County Public Index (enter the petitioner's name and 2018CP2303012) (last visited May 27, 2026). In his PCR, the petitioner asserted ineffective assistance of counsel ("IAC") of trial counsel. *Id*. The PCR was denied on the merits in an order entered January 9, 2019. *Id*. The petitioner appealed, the PCR appeal was transferred to the South Carolina Court of Appeals, and a writ of certiorari was granted as to ground 1 of his appeal (IAC based on failure to file a direct appeal) and the petitioner was granted a belated direct appeal. *Morales v. State of S.C.*, C/A No. 2019-000072 (S.C. Ct. App. Jan. 4, 2022). The South Carolina Court of Appeals then considered his direct appeal issues, but dismissed his belated direct appeal. *Id*. (S.C. Ct. App. Jan. 4, 2023) (remittitur entered in the Greenville County Court of Common Pleas on January 27, 2023).

**Petitioner's Additional Collateral Attacks in State Court**

During this same time, the petitioner filed a second PCR application on February 24, 2020, that was merged into a third PCR application filed on March 2, 2023. *Id*. (enter the petitioner's name and 2020CP2301156, 2023CP2301045) (last visited May 27, 2026). The combined PCR was dismissed as successive and time barred on September 3, 2025.[2] *Id*. The petitioner appealed and his appeal was dismissed. *See Morales v. State of S.C.*, C/A No. 2025-001948 (S.C. Nov. 19, 2025).

---

[2] A copy of the order of dismissal is not on the public index. However, it is included in the appellate filings for the PCR appeal as part of the corrected notice of appeal that was submitted on October 8, 2025. *See Morales v. State of S.C.,* C/A No. 2025-001948 (S.C.).

**Petitioner's Present Action**

The petitioner then filed the instant action seeking habeas relief for his convictions (doc. 6). In the instant matter, the petitioner's first ground for relief is IAC based on failure to investigate (*id*. at 4–5). The petitioner's second ground is IAC for failure to object to certain testimony and jury instructions (*id*. at 5–6). Ground three for relief is IAC based on the use of illegal evidence during trial (*id*. at 6–7). Ground four for relief is IAC based on improper stipulations agreed to by trial counsel (*id*. at 7). Ground five for relief is IAC based on failure to file a direct appeal (*id*. at 7–8, 10). Ground six for relief is IAC for failure to challenge chain of custody (*id*. at 10). Ground seven is IAC for failure to assert denial of a speedy trial (*id*. at 13). Ground eight for relief is IAC for failure to file a meaningful belated direct appeal (*id*. at 13, 16). Ground nine for relief is IAC based on advice not to take a plea deal (*id*. at 16). Ground ten for relief is IAC of trial counsel, appellate counsel, and PCR counsel (*id*. at 16–17).

The petitioner did not complete the section of the petition regarding timeliness (*id*. at 27–28). For relief, the petitioner seeks to have his convictions and sentences vacated and a new trial ordered or for him to be released (*id*. at 29).

## STANDARD OF REVIEW

The undersigned has reviewed the petition pursuant to the Rules Governing Section 2254 Cases in the United States District Courts; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and other habeas corpus statutes. As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The mandated liberal construction means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege

3

facts that set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

Because the petitioner filed his petition after the effective date of the AEDPA, review of his claims is governed by 28 U.S.C. § 2254(d), as amended.  *Lindh v. Murphy*, 521 U.S. 320 (1997).  Under the AEDPA, a petition for writ of habeas corpus must be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).[3] However, "[t]he time during which a *properly* filed application for State post-conviction or collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  *Id.* § 2244(d)(2) (emphasis added).    State collateral review tolls the one-year statute of limitations under Section 2244(d)(1)(A) for properly filed pleadings.  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

As noted, after a jury trial, the petitioner was found guilty on the charges outlined above, and he was sentenced on February 6, 2018.  *See* Greenville County Public Index (enter the petitioner's name and I374313, I374314, N201759, N201760) (last visited May 27, 2026).  Usually, the petitioner's conviction would have become final on February 16, 2018 (ten days after he was sentenced and he did not file a notice of appeal); however, as addressed below, in this instance, the petitioner's conviction was not final at that time. S.C.A.C.R. 203(b)(2); *see* 28 U.S.C. § 2244(d)(1)(A) (establishing that one-year runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").  Moreover, the petitioner's failure to file a direct appeal prevented him from meeting the jurisdictional requirements to seek review in the Supreme Court of the United States.  *Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012)

---

[3] The statute provides other possible start dates for the one-year time period that are not relevant here.  *See* 28 U.S.C. § 2244(d)(1)(B)–(D).

(finding the 90-day period in which to seek review by the Supreme Court is not applied where habeas petition failed to appeal to the state's highest court). However, as noted below, because the petitioner was provided a belated direct appeal, his convictions and sentences were not yet final.

The petitioner filed his first PCR action on May 24, 2018. *See* Greenville County Public Index (enter the petitioner's name and 2018CP2303012) (last visited May 27, 2026). At that point, no untolled time had lapsed, leaving 365 days in the federal limitations period. The petitioner's time limit remained tolled until the PCR appeal concluded. Using the date most favorable to the petitioner, the tolled period for the PCR action concluded on January 27, 2023, when the Greenville County Clerk of Court filed the remittitur in the PCR appeal. Greenville County Public Index (enter the petitioner's name and 2018CP2303012) (last visited May 27, 2026); *see Smith v. Warden of Perry Corr. Inst.*, C/A No. 8:18-cv-2841-RMG, 2019 WL 1768322, at *2 (D.S.C. Apr. 22, 2019) ("The tolling period ends when the final state appellate decision affirming denial of the application is filed in the state circuit court." (citing *Beatty v. Rawski*, 97 F. Supp.3d 768, 780 (D.S.C. 2015) (finding that final disposition of a PCR appeal in South Carolina occurs when the remittitur is filed in the circuit court, and thus the statute of limitations is tolled until that time))). However, because the petitioner was granted a belated direct appeal, pursuant to *Jimenez v. Quarterman*, his convictions were not considered final for purposes of the AEDPA until the state direct appellate review process was completed. *Jimenez v. Quarterman*, 555 U.S. 113, 120–21 (2009). Here, that date was January 27, 2023, when the remittitur from the PCR appeal (and belated direct appeal) was filed in the Greenville County Court of Common Pleas. Greenville County Public Index (enter the petitioner's name and 2018CP2303012) (last visited May 27, 2026).

After entry of the remittitur, the petitioner's time began running again and expired 365 days later on January 28, 2024. During this same time, the petitioner filed

second and third PCR actions that were consolidated into one proceeding in the Greenville County Court of Common Pleas. Greenville County Public Index (enter the petitioner's name and 2020CP2301156, 2023CP2301045) (last visited May 27, 2026). However, the petitioner's combined PCR action was dismissed as successive and time barred, meaning it does not toll the statute of limitations for federal habeas purposes. *Id*.; s*ee Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (noting that "[w]hen a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)" tolling); *Randolph v. Warden, Perry Corr. Inst.*, C/A No. 2:07-cv-00245-MBS, 2008 WL 508674, at *2 (D.S.C. Feb. 21, 2008), *appeal dismissed* 274 F. App'x 278 (4th Cir. 2008) (noting that PCR action that was dismissed as untimely and successive not "properly" filed and "does not qualify for tolling pursuant to § 2244(d)(2)").

The petitioner filed this federal habeas petition on February 3, 2026, the date he delivered the petition to the prison mail room for filing with this court (doc. 1 at 15). *See Houston v. Lack*, 487 U.S. 266 (1988) (providing a prisoner's document is deemed filed at the moment of delivery to prison authorities for forwarding to the district court). Therefore, a total of 763 days of untolled time lapsed between the petitioner's convictions becoming final and the filing of his Section 2254 petition. As the petitioner exceeded the statute of limitations by almost a year, it appears his petition is untimely. In light of the untimely nature of the petitioner's petition, on April 23, 2026, the undersigned issued an order to show cause providing the petitioner with the opportunity to provide a factual explanation to show cause why his petition should not be dismissed based on the application of the one-year limitation period established by 28 U.S.C. § 2244(d) (doc. 9). The petitioner filed his response to the order on May 11, 2026 (doc. 11).

To avoid application of Section 2244(d) regarding the timeliness of the instant federal habeas petition, the petitioner must show that the one-year limitations period should be equitably tolled under applicable federal law. *See Holland v. Florida*, 560 U.S. 631, 649

6

(2010) (concluding that § 2244(d) is subject to the principles of equitable tolling); *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000) (same). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418 (citation omitted); *see also Holland*, 560 U.S. at 649.  Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330; *see also United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).  The Fourth Circuit is clear that equitable tolling is only appropriate where a petitioner shows:  "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*).

Here, the petitioner's amended petition did not address timeliness of his petition (*see* doc. 6 at 27–28).  In response to the order to show cause, the petitioner argues that he is entitled to equitable tolling because he received incorrect advice from PCR appellate counsel that after his belated appeal (granted as part of his PCR appeal), he was to file another PCR before filing a federal habeas action (doc. 11 at 3).  The petitioner contends that he has also diligently pursued his rights (*id*.).  However, the petitioner is not entitled to equitable tolling for incorrect advice from appellate counsel or based on his own misunderstandings of the law; thus, the undersigned will recommend this matter be dismissed.

First, the petitioner may not rely on incorrect advice from appellate counsel to justify equitable tolling.  Relying on *Harris v. Hutchinson*, the petitioner argues that he is entitled to equitable tolling to prevent "gross injustice" (doc. 11 at 3 (citing *Harris*, 209 F.3d at 325)).  However, *Harris* also found that even reliance upon a lawyer's *misreading* of the statutory provision did not justify equitable tolling.  *Harris*, 209 F.3d at 330–31 (collecting

cases recognizing that a lawyer's miscalculation of a limitations period was not a valid basis for equitable tolling).  Indeed, as recognized by the United States Supreme Court, even attorney miscalculation of the limitations period does not provide a basis for equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 36–37 (2007).  Liberally construed, the petitioner may argue that he is entitled to equitable tolling of the statute of limitations based on his mistake or misunderstanding of the timeliness of his petition (*see generally* doc. 11).  However, the Fourth Circuit has rejected equitable tolling based on a petitioner's *pro se* status, ignorance of the law, or a lack of legal knowledge or resources.  *Sosa*, 364 F.3d at 512 (published) (collecting cases and finding no basis for equitable tolling based on a misconception of the statute of limitations or ignorance of the law).  As such, the undersigned finds that the petitioner has failed to show that he is entitled to equitable tolling.

Additionally, to the extent the petitioner's response could be construed as arguing that he is actually innocent and is thus entitled to an exception to the statute of limitations, the Supreme Court has stated that to "invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see Schlup*, 513 U.S. at 324 (a petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial").  "Moreover, a petitioner must show factual innocence and not merely legal insufficiency." *Hutley v. Warden, Lieber Corr. Inst.*, C/A No. 9:17-cv-2962-TMC, 2018 WL 3303283, at *3 (D.S.C. July 5, 2018) (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)).  Here, the petitioner's arguments that his convictions are improper based on IAC go to legal insufficiency – not *factual* innocence (doc. 11-1 at 5–6).  *See Hutley*, 2018 WL 3303283, at *3 (noting that actual innocence claims require the identification of new reliable

8

evidence that "was not presented at trial" (internal quotation marks omitted) (quoting *Schlup*, 513 U.S. at 324)). As such, even construing a claim of actual innocence, the petitioner has not met the standard to overcome the statute of limitations. Based on the foregoing, the petitioner's petition is not entitled to equitable tolling; thus, it is untimely and should be dismissed.

## **RECOMMENDATION**

Accordingly, it is recommended that the petitioner's § 2254 petition be dismissed as time-barred. ***The attention of the parties is directed to the important notice on the next page.***

**IT IS SO RECOMMENDED**.

<u>s/Kevin F. McDonald</u>
United States Magistrate Judge

May 27, 2026
Greenville, South Carolina

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Room 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).