**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Lorgio Danilo Morales, | Case No. 6:26-cv-676-RMG |
| Petitioner, | |
| v. | |
| | **ORDER** |
| Warden Curtis Early, | |
| Respondent. | |

This matter is before the Court upon the Report and Recommendation (R&R) of the Magistrate Judge (Dkt. No. 14), recommending that Petitioner's petition for habeas relief brought pursuant to 28 U.S.C. § 2254 be summarily dismissed as untimely. Petitioner, acting pro se, has filed objections to the R&R. (Dkt. No. 16).

## I.  Background

Petitioner was convicted in the Greenville County Court of General Sessions of drug related offenses and was sentenced to concurrent sentences totaling 25 years. Petitioner timely filed his first application for post conviction relief ("PCR") on May 24, 2018. The PCR was denied on the merits. On appeal, the South Carolina Court of Appeals granted relief on the claim that trial counsel's failure to file a direct appeal constituted ineffective assistance of counsel. The South Carolina Court of Appeals then addressed his late filed appeal and affirmed his conviction and sentence. The South Carolina Court of Appeals' decision was decided on January 4, 2023, and the remittitur was entered on January 27, 2023. (Dkt. No. 14 at 2).

Petitioner filed a second PCR and third PCR before filing his § 2254 petition. The combined second and third PCR were dismissed as successive and time barred on September 3, 2025. (*Id.*) Petitioner then appealed the dismissal of his second and third PCR, which was

1

dismissed on November 19, 2025.  Petitioner filed the present § 2254 petition in this Court on February 3, 2026. (Dkt. No. 1 at 15)

The Magistrate Judge recommended that Petitioner's § 2254 petition be summarily dismissed as time barred because the one-year clock for filing his habeas petition, 28 U.S.C. § 2244(d), began running from the entry of the remittitur on January 27, 2023, and expired 365 days later on January 28, 2024. (Dkt. No. 14 at 5).  The Magistrate Judge further found the time which ran from the filing of Petitioner's second and third PCR did not toll the statute of limitations under *Pace v. DiGuglielmo*, 544 U.S. 408, 411 (2005), because those PCR applications were determined to be successive and time barred. (*Id*. at 6).

The Magistrate Judge further recommended that the one-year time limit for filing a § 2254 petition not be equitably tolled on the basis of Petitioner's claim that he was given erroneous legal advice from his appellate attorney.  The Magistrate Judge found that Petitioner failed to carry his burden of establishing equitable tolling, which required a showing that he was diligently pursuing his rights and that extraordinary circumstances beyond his control or external to his conduct prevented him from timely filing. (*Id.* at 6-7).

Petitioner filed seven objections to the R&R, which focused on the issue of whether the one-year time limit for filing a § 2254 petition should be equitably tolled because Petitioner allegedly relied on his appellate counsel's advice, causing him to untimely file his § 2254 petition. The specific objections are as follows:

1. The Magistrate Judge mischaracterized Petitioner's claim as "ordinary attorney error";

2. The Magistrate Judge resolved a factual conflict without factual development;

3. The Magistrate Judge failed to apply the flexible standard set forth in *Holland v. Florida*, 560 U.S. 631 (2010);

2

4.  The Magistrate Judge did not adequately consider Petitioner's diligence;

5.  The fact that Petitioner's counsel sent him a federal habeas form should not defeat his equitable tolling claim;

6.  The Magistrate Judge erred in relying upon *Pace* to defeat equitable tolling; and

7.  The unique procedural history of Petitioner's appeal supports further review.

(Dkt. No. 16).

Petitioner submitted with his objections a "Supplemental Declaration" in which he asserted that after he received a letter from his appellate attorney, Joanna Delany, dated January 6, 2023, informing him that his state court PCR petition and appeal had been denied, he spoke with Ms. Delany about his next step.  Petitioner stated that he had previously been "led to believe" that a federal habeas petition was his next step but that Ms. Delany "told me my next step was PCR, not federal habeas corpus" and that the one-year time limit would toll while the new PCR was pending. (Dkt. No. 16 at 6).   Petitioner stated that he nonetheless asked Ms. Delany to send him a federal habeas corpus application, and she did so.  He further asserted that Ms. Delany told him, "You won't win a Federal habeas.  I don't know why you would file one." (*Id*.).

This matter is now ripe for review.

## II.    Legal Standard

### A. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part,

3

the findings or recommendations made by the magistrate judge." *Id*. Where the petitioner fails to timely file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

### B. Pro Se Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (citation omitted).

### III. Discussion

Since many of Petitioner's objections overlap, the Court will address the objections collectively to avoid undue duplication. It is important to note at the outset that Petitioner does not challenge the Magistrate Judge's finding that his § 2254 was untimely. Instead, he argues that the one-year time limit for filing a § 2254 petition should be equitably tolled.

Equitable tolling under § 2254 must meet a demanding standard. The Petitioner must show that (1) he diligently had been pursuing his rights and (2) that some "extraordinary circumstance stood in his way" of filing his petition. *Holland*, 560 U.S. at 649. The Fourth Circuit has held that equitable tolling is appropriate only where the petitioner shows (1) an extraordinary circumstance; (2) beyond his control or external to his conduct; and (3) that prevented him from timely filing. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2023) (*en banc*).

It is well settled that "a garden variety claim of excusable neglect," an "innocent misreading" of a statutory provision by counsel, or an erroneous calculation of time limits resulting in the petitioner missing the one-year deadline do not constitute extraordinary circumstances entitling a petitioner to equitable tolling. *Holland*, 560 U.S. at 651-52; *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000); *Rouse*, 339 F.3d at 248. "[A]ny resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the time limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330.

Assuming for purposes of addressing Petitioner's objections that the facts asserted in the Supplemental Declaration are true, Petitioner is clearly unable to demonstrate the extraordinary circumstances necessary to support a finding of equitable tolling. First, counsel's alleged error, telling Petitioner that a second PCR would toll the one-year time limit, is the very type of misreading of the law that is insufficient to support a claim of equitable tolling.

Second, Petitioner has made no showing that he was prevented from timely filing his § 2254 petition. In fact, by his own admission, he asked for and received from his attorney a federal habeas petition application during the one-year period for filing his petition. (Dkt. No. 16 at 6). The fact that he was subsequently (but untimely) able to file his petition demonstrates that he was not prevented from filing the petition in a timely manner.

Third, Petitioner states that he was discouraged from pursing § 2254 relief by his attorney, who allegedly told him "You won't win a federal habeas. I don't know why you would file one." (*Id.*) But as the Fourth Circuit observed in *Whiteside v. United States*, 775 F.3d 180, 186 (4th Cir. 2014), equitable tolling "may not be applied where . . . the only impediment to timely filing was the discouragement felt by petitioner when calculating his odds of success."

The Court finds that the Magistrate Judge ably summarized the factual and legal issues in this matter and correctly concluded that Petitioner could not carry his burden of establishing the basis for equitable tolling. The Court further finds that the Magistrate Judge applied the proper legal standards to address Petitioner's claim for equitable tolling. In sum, the Court finds that the Magistrate Judge's recommendation that Petitioner's § 2254 petition be summarily dismissed was correct.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c)(3) The certificate of appealability ... shall indicate which specific issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.2d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

## IV.    Conclusion

For the foregoing reasons, and as further explained by this Order, the Court **ADOPTS** the R&R (Dkt. No. 14) as the Order of the Court and summarily dismisses this petition. A certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel

Richard Mark Gergel
United States District Judge

June 22, 2026
Charleston, South Carolina

7